*165 OPINION.
Sternhagen :
The petitioner seeks to deduct from its gross income for 1923,1924, and 1925, as ordinary and necessary business expenses, premiums which it claims to have paid as additional compensation to its officers, on policies of insurance taken out on their lives. The respondent denies that such disbursements constitute ordinary and necessary business expenses, and, conceding for argument that they do represent additions to officers’ salaries, denies that the salaries so augmented are reasonable in amount. He also denies that petitioner was not directly or indirectly a beneficiary under the policies, which would render the amounts of the premiums paid nondeductible under section 215 (a) (4), Revenue Acts of 1921 and 1924.
Petitioner has failed to offer any evidence regarding some of the elemental facts necessary to establish the deductibility of these premiums; unexplained contradictions and confusions, moreover, occur in the evidence introduced. Of the insurance policies involved it appears that ten were authorized by a resolution of the board of directors of one S. Hyman Co. on December 1, 1919, to be taken out in the name of said company for the benefit of the wives of its officers, who are identical in name with the officers of L. Hyman & Co., Inc., the petitioner. By another resolution of December 8, 1919, *166 said board of directors further authorized that in nine other policies which S. Hyman Co. was carrying, the wives of its officers be substituted for the company as beneficiaries. In both instances future premiums were to be paid by the company. Petitioner has failed to show any connection between it and S. Hyman Co., and identity is not to be presumed or lightly inferred. The name of “ S. Hyman Company ” appears on a tax return for 1919, and on several policies bearing date prior to 1920, authorized by the aforesaid resolutions; petitioner’s name with minor variations appears only on later documents.
S. Hyman Co., as shown by the 1919 tax return, is a Hew York corporation. In the organization of business corporations under the law of New York, the name of the proposed corporation must be stated in the certificate of incorporation, Stock Corporation Law, sec. 5; and “ persons seeking to form a corporation under any general law * * * must insert therein all the matter particularly required by the law.” People v. Preston, 140 N. Y. 549; 35 N. E. 979. “The name, therefore, is essential to its existence. * * * And, while by its use advantages are gained, corresponding obligations must be recognized, and one of these is that in its business dealings and contracts it must use the name given to it by the law of its existence. It can not change its name, either directly or by user; nor can the public give it a name other than that of its creation, by which it can be recognized in judicial proceedings.” Scarsdale Publishing Co.-Colonial Press v. Carter, 63 Misc. Rep. 271; 116 N. Y. S. 731, 734. The minutes, returns, and policies which purport to be of S. Hyman Co. must be regarded as relating to a corporate entity distinct from petitioner, and with respect to such necessary facts as petitioner has sought to establish by these documents alone there is a failure of proof.
Petitioner has failed further to show that it actually paid any of the premiums which it claims as deductions, or even the amounts which became due during the taxable years in question. Allegations in the petitions, which the answers deny, that premiums aggregating $28,099.25, $30,870.40, and $30,860.85 were paid in 1923, 1924, and 1925, respectively, are not established by proof of the amounts payable as premiums appearing on the policies; and there is no 'evidence concerning the treatment of any dividends received from the insurance companies, although the policies contemplate an annual declaration of dividends.
Considerable testimony was offered by petitioner designed to establish what constituted reasonable compensation to its officers, it being respondent’s contention that the sum of the insurance premiums plus other salary paid resulted in unreasonable salaries. The findings *167 contain such facts as the testimony in this respect seems to warrant, but neither the amount of the premiums nor of the other compensation paid is in evidence, and the Board is hence without evidence of the comparative sufficiency of the salaries claimed or paid. Botany Mills v. United States, 278 U. S. 282; Becker v. United States, 7 Fed. (2d) 3; Model Dairy, Inc., 13 B. T. A. 545; affd., 36 Fed. (2d) 768.
But there is another serious defect in petitioner’s presentation. It has frequently been held by the courts and applied by the Board that where a corporation claims a deduction of salaries alleged to have been paid to persons who are not only employees or officers, but also substantial stockholders, it must be recognized that the corporation is in a position to distribute its profits in the guise of salaries and that to the extent this is done the deduction fails. When the corporation petitioner as proponent before the Board makes such a claim, the burden is upon-it not only to prove that the amounts paid are reasonable as salaries, Botany Mills v. United States, supra, but also that they are in fact entirely salaries and not partly or wholly profit distributions. Twin City Tile & Marble Co. v. Commissioner, 32 Fed. (2d) 229, affirming 6 B. T. A. 1238. The petitioner has ignored this aspect of the alleged payments and has failed entirely to establish that no part of the amounts claimed (assuming payment) could be fairly regarded as distributions of profits.
With reference to the policies affected by the resolution of December 8,1929, of which the S. Hyman Co. was then beneficiary, there is no evidence whatever tending to show that the beneficiary was in fact changed as contemplated by the resolution. Such a change of beneficiary is not established by incidental papers of later date, attached to some but not all of these policies, which the officers’ wives signed as beneficiaries. Even if the S. Hyman Co. be held identical with petitioner, the proof is insufficient to show that it is not within the provisions of section 215 (a) (4) barring deduction. Omaha Elevator Co., 6 B. T. A. 817; J. H. Parker, 13 B. T. A. 115.

Judgment will be entered for the respondent.